UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IMPERIAL TOY LLC, | Case No. CV 13-2316 JAK (FFMx) |
|---|---|
| PLAINTIFF, | The Honorable John A Kronstadt |
| V. | **STIPULATED PROTECTIVE ORDER** |
| LIGHTUPTOYS.COM, LLC, | Note Changes Made by Court. |
| DEFENDANT. | |
| AND RELATED COUNTERCLAIMS | |

Plaintiff Imperial Toy LLC ("Imperial") and defendant LightUpToys.com LLC ("LightUpToys") (collectively, the "Parties"), submit this Stipulated Protective Order:

1.   This case concerns a patent directed to a particular bubble gun design, and the parties are competitors with respect to those products. Documents and things that may be requested in discovery could reveal highly sensitive and confidential information that is protected from disclosure to the public and whose disclosure would damage the party providing the information. The parties believe that this confidential information includes sensitive sales and other financial information, sensitive market studies and strategy information, sensitive design information and other sensitive proprietary information. The interest of the party producing such

1  information (the "Producing Party") in restricting the disclosure and use of its
2  confidential information by the party receiving the information (the "Receiving
3  Party") far outweighs the interest of the public in having access to such
4  information. Good cause accordingly exists for the issuance of this Protective
5  Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to
6  efficiently accomplish such exchange of information, and safeguard confidential
7  and/or proprietary information.

8  2. A party may designate each document, thing, material, testimony
9  **(other than testimony provided in open court) (FFM)** or other information
10 derived therefrom in this action as "CONFIDENTIAL" or "CONFIDENTIAL
11 INFORMATION" (used interchangeably) under the terms of this Protective Order,
12 provided the Party designating has a good faith belief that such document, thing,
13 material, testimony or other information derived therefrom contains proprietary or
14 confidential information. To the extent that only a portion or portions of such
15 documents or information is CONFIDENTIAL, only the portions that are
16 CONFIDENTIAL will be so marked and subject to this order. Material designated
17 as CONFIDENTIAL INFORMATION may be used only for the purpose of
18 prosecution, defense, discovery, mediation and/or settlement of this action and any
19 related arbitration, and not for any other purpose. Each Party that designates items
20 for protection under this Protective Order must take care to limit any such
21 designation to specific items, or only those parts of items that qualify, as
22 CONFIDENTIAL INFORMATION, under standards as recognized by California
23 law, so that items, or portions of items, for which protection is not warranted are
24 not swept unjustifiably within the ambit of this Order. Parties will not designate
25 categories of documents as CONFIDENTIAL, but will limit such designation to
26 individual documents or items, or specific portions thereof.

27 3. CONFIDENTIAL INFORMATION shall be so designated by marking
28 or stamping copies of the document produced or testimony (or portions thereof)

with the legend "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION," marking or stamping such legends on the cover of any multi-page document shall designate all pages of the document as CONFIDENTIAL INFORMATION, and marking or stamping on a label on any electronic storage medium shall designate the contents of such electronic storage medium as CONFIDENTIAL INFORMATION; however, if specific portions are not to be deemed CONFIDENTIAL INFORMATION, then each page or portion of the CONFIDENTIAL INFORMATION will be so designated.  Whether or not any evidence or testimony is, in fact, designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall not be conclusive of whether it is lawfully entitled to protection as such; resolution of disputes regarding such designations shall be resolved as described in Paragraph 7(A), below. In addition, the failure to make such a designation shall not constitute a waiver to do so; in such an instance, the Party requesting to retroactively designate material as CONFIDENTIAL shall first seek an agreement of the receiving Party, and if no such agreement is reached, the producing Party may file an appropriate motion with the Court to seek such relief, also as described in Paragraph 7(A), below.

4.    CONFIDENTIAL INFORMATION produced shall be disclosed, revealed, or disseminated only to the Court, its personnel or staff; alternative dispute resolution neutrals (i.e., mediators, arbitrators, etc.), their personnel or staff; jurors or any other party as required by law; court reporter(s) and/or videographers employed in this action; and counsel of record for the named Parties, their associate attorneys, paralegals, secretaries and clerical staff. CONFIDENTIAL INFORMATION may also be disclosed to the following "QUALIFIED PERSON(S)":

   (A) Witnesses and deponents who previously reviewed, generated, or otherwise had access to such CONFIDENTIAL INFORMATION;

      (B) Experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

      (C) An officer, director, trustee, managing agent, in-house counsel, or employee of a named Party;

      (D) Any non-party support services, including, but not limited to, outside copying services, court reporting services, and litigation support services as may be reasonably necessary in connection with the conduct of this action; and

      (E) Any other person, with 5 court days' notice to the non-disclosing party by facsimile or email, and such person shall execute and agree to be bound by this Non-disclosure Agreement. If an objection to the disclosure occurs within the 5 court days, then the parties must meet and confer within the 5 court days.

5. CONFIDENTIAL INFORMATION disclosed to these categories of QUALIFIED PERSON(S) shall be accomplished as follows: before reviewing any CONFIDENTIAL INFORMATION or being exposed to anything treated as CONFIDENTIAL, each QUALIFIED PERSON shall execute a "Non-Disclosure Agreement" in the form of Attachment A; CONFIDENTIAL INFORMATION may then be duplicated and transmitted to such persons identified as QUALIFIED PERSON(S). Each such executed Non-Disclosure Agreement shall be retained by counsel for the Party disclosing CONFIDENTIAL INFORMATION. Such retained Non-Disclosure Agreements shall not be discoverable, except upon order of the Court after a showing that disclosure of the Non-Disclosure Agreement is necessary for good cause. Privileges are not intended to be waived by this provision, and are subject to consideration by the Court in any dispute regarding discoverability of an executed Non-Disclosure Agreement.

6. Unless the parties agree otherwise, deposition transcripts will be deemed to contain CONFIDENTIAL INFORMATION until 30 days after

completion of the deposition transcript by the deposition reporter. Such status will expire after the 30-day period except to the extent a Party designates such testimony as CONFIDENTIAL INFORMATION by making a statement to that effect on the record at the deposition, or by sending a letter to all parties specifying the pages and/or items that are claimed to be CONFIDENTIAL.  Deposition testimony where any such information has been affirmatively designated as CONFIDENTIAL shall be conducted only before those persons identified in Paragraph 4, above.  Except as required by law, no person other than those persons identified in Paragraph 4 above (a) may attend that portion of a deposition, or (b) read the transcript of or the exhibits marked in any deposition taken in this case, where any such information has been deemed or designated as CONFIDENTIAL.

7.     Challenges and Changes to CONFIDENTIAL Designations.

(A) The Parties do not waive any right to claim or challenge whether material designated or not designated as CONFIDENTIAL INFORMATION is properly designated or not designated as such, and do not waive any right to make such claim or challenge at any hearing, trial or other proceeding, whether such CONFIDENTIAL INFORMATION is, in fact, confidential. Any Party may object to the designation of material as CONFIDENTIAL, in which case the Party challenging such designation shall so notify the producing Party in writing, and the Parties shall meet and confer as to the status of the designation.  If, following notification by the challenging Party concerning its disagreement with the producing Party's designation of information, the Parties are unable to reach agreement, the challenging Party may move the Court for a determination of the propriety of the designation; and, should a motion be filed under this paragraph, the party asserting the designation shall bear the burden of establishing the need to maintain the material as Confidential Information.  **Any such motion must comply with Local Rule 37.  (FFM)**  Designated material will remain CONFIDENTIAL

- 5 -

|   |   |
|---|---|
| 1 | until the Court reaches a final determination.  Nothing contained in this |
| 2 | Stipulated Protective Order shall be construed to diminish the Court's ability |
| 3 | to award sanctions, including attorney's fees, for improper designation of |
| 4 | material pursuant to this Protective Order. |
| 5 | (B) The Court may also raise the issue of the designation of any |
| 6 | information as CONFIDENTIAL *sua sponte*. |
| 7 | (C) A designating Party may withdraw its designation by written |
| 8 | notification at any time. |
| 9 | (D) CONFIDENTIAL INFORMATION derived, obtained or compiled |
| 10 | from a non-Party or independent, non-privileged source may not be |
| 11 | designated as CONFIDENTIAL, nor does this Protective Order restrict any |
| 12 | Party's ability to use or disclose information derived, obtained or compiled |
| 13 | from a non-Party or independent non-privileged source; however, a Party |
| 14 | may seek relief from the Court for CONFIDENTIAL designation of such |
| 15 | material, bearing the burden of establishing such protection. |
| 16 | 8.     When seeking to admit or introduce any CONFIDENTIAL |
| 17 | INFORMATION into the public record in this case, whether in writing or orally |
| 18 | (including the filing of papers which constitute or contain CONFIDENTIAL |
| 19 | INFORMATION, and including at the trial of this action), the Parties and their |
| 20 | attorneys will cooperate in good faith to seek appropriate rulings from the Court to |
| 21 | safeguard the confidentiality of CONFIDENTIAL INFORMATION to the extent |
| 22 | possible, whether by sealing orders or otherwise.  The Parties agree that no Party is |
| 23 | required to file pleadings and other papers submitted to the Court under seal, except |
| 24 | that the Parties agree that if CONFIDENTIAL INFORMATION is submitted to the |
| 25 | Court, the CONFIDENTIAL INFORMATION shall be submitted under seal as |
| 26 | follows (and that this Protective Order constitutes a "sealing order" for such |
| 27 | purposes): |
| 28 | / / / |

1    (A) All deposition transcripts and exhibits, written discovery requests
2    and responses thereto, legal memoranda, motion papers' or other written
3    materials or things submitted to the Court which contain or quote or refer to
4    CONFIDENTIAL INFORMATION shall be lodged with the Court in a
5    sealed envelope or other appropriate sealed container which shall be
6    endorsed with the title of this action, an indication of the nature of the
7    contents of such sealed envelope or other container, and a statement
8    substantially in the following format:

**CONFIDENTIAL INFORMATION,
SUBJECT TO PROTECTIVE ORDER FILED UNDER SEAL**

**This envelope (or container) which is filed in this action by (name of party and, if applicable, the name of deponent) is not to be opened nor its contents displayed, copied or revealed except by Court Order.**

(B) Such CONFIDENTIAL INFORMATION shall be lodged separately, and will be returned to the Party's counsel who lodged it upon completion of the hearing for which the CONFIDENTIAL INFORMATION is submitted. CONFIDENTIAL INFORMATION shall not be filed with the Court Clerk to be placed in the Court file unless, and in accordance with the court's Local Rules, either (i) an appropriate sealing order is entered in accordance with **Local Rule 79-5** ~~California Rules of Court, Rules 2.550 et seq.,~~ **(FFM)** or (ii) the Court finds that no sealing order is justified for the particular CONFIDENTIAL INFORMATION.

9.    In the event that any CONFIDENTIAL INFORMATION is used in any Court proceeding in this action pursuant to section 8**(B)(i) (FFM)** above, such CONFIDENTIAL INFORMATION shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during and after such use.

/ / /

- 7 -

1  10. The terms of this Protective Order shall survive the final termination of this action, and shall be binding on the Parties and their counsel. CONFIDENTIAL INFORMATION retained after the conclusion of this action shall be in accordance with the terms and conditions of this agreement; in this regard, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify in writing to the producing party such destruction or return.  However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

11. To the extent that any Party believes that all or portions of any document, thing, material, testimony or other information should be subject to a higher level of confidentiality than set forth above, the Party may file an appropriate motion or application with the Court after meeting and conferring with the other party(ies), in order to limit the disclosure of said document, material, testimony or other information to  other limited individuals.

12. By agreeing to this Protective Order, no Party waives any rights it otherwise would have to object to disclosing or producing any information or item on any ground not addressed. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. This Protective Order shall also be without prejudice to the right of any Party to challenge the propriety of discovery on other grounds or privilege, relevance, materiality, etc.  This agreement shall not be construed as a waiver of any objection that might be raised as to the admissibility of any evidentiary material at trial or any evidentiary proceeding.

/ / /

/ / /

13. This Protective Order is subject to modification by further Order of the Court. Counsel agree that copies of signatures on this document submitted to the Court shall have the same force and effect as an original signature.

**14. If a party to whom CONFIDENTIAL INFORMATION has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order. It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce any CONFIDENTIAL INFORMATION in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

SO STIPULATED AND AGREED.

## O R D E R

HAVING REVIEWED THE TERMS OF THIS STIPULATED PROTECTIVE ORDER, AND FOR GOOD CAUSE APPEARING THEREON, IT IS SO ORDERED.

Dated:   November 20, 2013

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPERIAL TOY LLC,<br><br>　　　　PLAINTIFF,<br><br>　　v.<br><br>LIGHTUPTOYS.COM, LLC,<br><br>　　　　DEFENDANT.<br><br>AND RELATED COUNTERCLAIMS | Case No. 13-02316 JAK (FFMx)<br><br>The Honorable John A Kronstadt<br><br>**ATTACHMENT A TO STIPULATED PROTECTIVE ORDER** |

### **NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear and agree that I am fully familiar with the terms of the Protective Order entered in Imperial Toy LLC v. TightUpToys.com, LLC, United States District Court for the Central District of California, Case No. 13-02316 JAK (FFMx), a copy of which has been provided to me, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court.  Further, to the extent I receive Confidential information in connection with this litigation, I agree that I will hold that information in confidence in accordance with the terms of the Order.  I understand that I am to retain all copies of the information that I receive that have been designated as Confidential in a container, cabinet, drawer, room, or other safe place in a matter consistent with the Order, and

that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all documents and things marked Confidential that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed: _____

Dated:    _____